# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| FLOYD E. RAYNER, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:18-cv-01103 |
| RANDY LEE, Warden, | ) ) JUDGE CAMPBELL |
| Respondent. | ) ) ) |

## MEMORANDUM

Petitioner Floyd E. Rayner, III, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a pro se motion for leave to proceed in forma pauperis and a petition for writ of habeas corpus (Doc. No. 2) in the Eastern District of Tennessee on December 27, 2017. That court granted Petitioner pauper status and directed Respondent Randy Lee to answer or otherwise respond to the petition. (Doc. No. 4.) Respondent thereafter filed his answer and the transcript of relevant state-court proceedings (Doc. Nos. 12, 13.) Petitioner did not file a reply to Respondent's answer.

Because the state court of conviction lies within the Middle District of Tennessee, the U.S. District Court for the Eastern District of Tennessee transferred this case to this Court on October 11, 2018. (Doc. No. 17.)

This matter is ripe for the Court's review, and the Court has jurisdiction. Respondent does not dispute that the petition is timely. (Doc. No. 13 at 2.) Having reviewed Petitioner's arguments and the underlying record, the Court finds that an evidentiary hearing is not required. As explained below, Petitioner is not entitled to habeas relief, and his petition will therefore be denied.

# I. PROCEDURAL HISTORY

On January 10, 2001, a Davidson County jury convicted Petitioner of five counts of rape of a child and five counts of aggravated sexual battery of a child less than thirteen years of age. The victim in each count was Petitioner's daughter. The trial court sentenced Petitioner to an effective term of fifty-one years in prison: twenty-one years for each rape of a child conviction, and nine years for each aggravated sexual battery conviction, with two of the rape counts and one of the sexual battery counts to run consecutively, and the remainder to run concurrently. In sentencing Petitioner, the court granted him pretrial jail credit of 317 days, from April 10, 2000 to the sentence imposition date of February 21, 2001. (*See* Doc. No. 2-5 at 1.)

Petitioner challenged his convictions and sentences on direct appeal, but the Tennessee Court of Criminal Appeals affirmed the convictions and found that the sentencing issues had been waived by Petitioner's failure to include his presentence report in the appellate record. *State v. Rayner*, No. M2001-00971-CCA-R3-CD, 2002 WL 1336654 (Tenn. Crim. App. June 19, 2002), *perm. app. denied* (Tenn. Dec. 9, 2002).

Petitioner sought relief in the state post-conviction court, asserting the ineffectiveness of his trial counsel. His claims of ineffective assistance of counsel were denied by the post-conviction trial court, which was affirmed by the Tennessee Court of Criminal Appeals on November 6, 2006. *Rayner v. State*, No. M2005-01672-CCA-R3-PC, 2006 WL 2000701 (Tenn. Crim. App. July 19, 2006), *perm. app. denied* (Tenn. Nov. 6, 2006).

Petitioner then filed in this Court a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After appointing counsel for Petitioner and holding an evidentiary hearing, this Court denied the habeas petition on its merits in 2010, and the Sixth Circuit affirmed. *Rayner v. Mills*, No. 3:06-1187, 2010 WL 724010 (M.D. Tenn. Mar. 1, 2010), *aff'd*, 685 F.3d 631 (6th Cir. 2012).

In 2016, Petitioner instituted a declaratory action under the Uniform Administrative Procedures Act (UAPA), Tenn. Code Ann. § 4-5-225, against the Tennessee Department of Correction (TDOC) in Davidson County Chancery Court, challenging TDOC's calculation of his criminal sentence and the constitutionality of the statutes under which he was convicted. On December 21, 2016, the Chancery Court dismissed Petitioner's action, finding no merit in his argument that his pretrial jail credits should have included every day of incarceration since his arrest on December 9, 1999, rather than April 10, 2000:

> The record reflects that the TDOC properly calculated Mr. Rayner's pretrial jail credit pursuant to the criminal court's judgments, as it is required to do by law. Because Mr. Rayner's sentencing court ordered pretrial jail credit from April 10, 2000 to February 21, 2001, the Court finds that the TDOC properly calculated Mr. Rayner's sentence in accordance with those judgments and that it cannot by law alter his sentence to include pretrial jail credit from December 9, 1999 to April 10, 2000.

(Doc. No. 12-2 at 38.) The Chancery Court further found that TDOC properly calculated Petitioner's sentence expiration, as the two 21-year child rape sentences were ordered to be served consecutively and, by law, are not eligible for reduction by sentence credit or parole; accordingly, before Petitioner begins his 9-year sexual battery sentence—which is his only sentence subject to reduction—he must serve 42 years in prison, day for day. (*Id.* at 39.) The declaratory action was thus dismissed on grounds that Petitioner "received all sentence credits to which he is entitled," and further "that he cannot challenge the constitutionality of the criminal statutes in a UAPA declaratory judgment action." (*Id.* at 44.)

Petitioner filed a timely appeal of the Chancery Court's ruling in the Tennessee Court of Appeals. The Court of Appeals affirmed the Chancery Court, finding that "TDOC properly calculated Mr. Rayner's sentence" and that his "constitutional arguments amount to nothing more than [an improper] challenge to his criminal sentence." *Rayner v. Tennessee Dep't of Corr.*, No.

M2017-00223-COA-R3-CV, 2017 WL 2984269, at *3 (Tenn. Ct. App. July 13, 2017). The Tennessee Supreme Court denied Petitioner's request for leave to appeal on November 16, 2017. (Doc. No. 12-9.)

Petitioner filed his current federal habeas petition on December 27, 2017. (Doc. No. 2.)

## II. CLAIMS PRESENTED FOR REVIEW

Petitioner's pro se petition in this Court raises the following claims:

(1) TDOC's calculation of Petitioner's sentence expiration date and release eligibility date does not properly credit him with pretrial jail credits or sentence reduction credits, in violation of his Fourteenth Amendment rights to due process and equal protection; and

(2) Section 39-13-523 of the Tennessee Code[1] is unconstitutional in violation of the Fourteenth Amendment insofar as "it violate[s] the separation of the powers under Article II § 1, and Article II § 2, and Article 3 § 6, of the Tennessee Constitution."
(Doc. No. 2 at 4–7.)

Petitioner further clarifies his claims by explaining that he "is not trying to over turn his conviction or sentence," but is "trying to get credits d[ue] him to be applied correctly." (*Id.* at 8.)

## III. ANALYSIS

Although the transferor court addressed the instant petition as one filed under 28 U.S.C. § 2254, the petition is styled as a "Petition Under 28 U.S.C. § 2241 and 28 U.S.C. § 2254." (Doc. No. 2 at 1.) Because the petition advances claims pertaining to the computation of Petitioner's sentence and the application of jail credits, this Court will construe the petition as filed under

---

[1] The Court notes that Petitioner initially transposes the numbers of this code section in his petition, stating that "T.C.A. § 39-15-5<u>32</u>(c + d) is unconstitutional" before clarifying that this claim concerns Section 39-15-5<u>23</u>(c) and (d). (Doc. No. 2 at 7.) Those subsections remove other statutory authorization for the release or parole of, e.g., a child rapist "prior to service of the entire sentence imposed by the trial court," whether by the governor or the board of parole. *See* Tenn. Code Ann. § 39-15-523(c) and (d).

Section 2241, which allows issuance of the writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and who asserts "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). As mentioned above, Petitioner disclaims any challenge to the validity of his sentence, explicitly seeking only the correct application of sentence credits due him under state law. (Doc. No. 2 at 8.)

In his answer, Respondent first argues for the dismissal of the petition with prejudice under the abuse-of-the-writ doctrine, given that Petitioner has petitioned for federal habeas relief once before. Section 2244, Title 28 of the United States Code provides that, "[b]efore a second or successive application [under Section 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Respondent argues that while petitions under Section 2241 are not subject to this requirement of pre-filing approval in the Circuit Court of Appeals, they may be subject to dismissal as abusive, successive petitions raising claims which should have been raised in the prior habeas action, citing *McCleskey v. Zant*, 499 U.S. 467 (1991). (Doc. No. 13 at 4–6.) In *McCleskey*, the Supreme Court explained that, under the abuse-of-the-writ doctrine, a subsequent habeas petition may be dismissed as abusive if it asserts a claim that the petitioner should have raised in the prior petition, but failed to raise due to "inexcusable neglect." *McCleskey*, 499 U.S. at 488–90. Applying this standard, Respondent argues that the claims of the current petition "have been available to Petitioner since the imposition of his sentences because neither his sentences nor the relevant statutes have changed since Petitioner's incarceration," and that the failure to raise them in his prior, Section 2254 action "constitutes inexcusable neglect at a minimum." (Doc. No. 13 at 5–6.)

However, although the grounds for the current petition were not undiscoverable by Petitioner at the time he filed his Section 2254 action in 2006, there is no reason to believe that he knew of the discrepancy in his pretrial jail credit calculation or the status of his post-judgment sentence credit earnings prior to 2016, when he received a response to his "Sentence Dates Inquiry" submitted through the Tennessee Offender Management Information System. (Doc. No. 2-3.) Because the current petition does not challenge Petitioner's conviction or sentence (which were the topics of his petition under Section 2254) and does not appear to raise issues that he or his appointed counsel were aware of in 2006 when he filed his prior petition, the Court does not view this action as second or successive and declines to dismiss it under the abuse-of-the-writ doctrine. *See Wooden v. Steward*, No. 3:12-cv-00786, 2013 WL 587478, at *6 (M.D. Tenn. Feb. 13, 2013) (interpreting term "second or successive" by looking to pre-AEDPA abuse-of-the-writ doctrine; finding no abuse of the writ where second petition did not seek same relief or raise arguments of which petitioner was aware several years prior in litigating first habeas action).

Respondent next asserts that the claims of the current petition are subject to dismissal because they raise state-law issues that are not cognizable in habeas corpus, or that are unexhausted. The Court first addresses the issue of exhaustion.

Exhaustion of state remedies is not a statutory requirement under Section 2241, as it is under Section 2254; however, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine designed to promote comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations

6

of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Therefore, habeas review is only available to Petitioner if he has fully exhausted his remedies in the state court system by presenting the same claims there that he seeks to have redressed here. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *Kelly v. Lazaroff*, 846 F.3d 819, 828 (6th Cir. 2017) (quoting *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009)) (petitioner must present the "same claim under the same theory" to the state court). This rule has been interpreted by the Supreme Court as one of total exhaustion, *Rose v. Lundy*, 455 U.S. 509 (1982), meaning that each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971); *see also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Petitioner claims that he has not been credited with all of the days he spent in jail prior to trial. He alleges that "[f]rom the date that [he] was arrested to this present date, he has never gotten out of jail and/or prison." (Doc. No. 2 at 5.) He contests TDOC's sentence calculations, "because somehow they effectively fail to take into proper consideration the pretrial jail credits for time that he spent in jail, which would help to expire the sentence and show the proper release eligibility date for parole consideration." (*Id.* at 6.) As explained below, it does not appear that Petitioner has properly exhausted this claim predicated on the award of prejudgment jail credit.

In Tennessee, prisoners have a statutory right to credit for "time served in the jail pending arraignment and trial." *State v. Henry*, 946 S. W. 2d 833, 834 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-23-101(c). The trial court is responsible for awarding pretrial jail credit and noting the award on the judgment of conviction. *See Yates v. Parker*, 371 S. W. 3d 152, 155 (Tenn. Crim.

7

App. 2012). The Tennessee Supreme Court recently has clarified that the appropriate procedural vehicle for challenging an award of pretrial jail credit is a motion to correct clerical error under Tennessee Rule of Criminal Procedure 36, which is to be filed in the trial court. *See Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (explaining that failure to award pretrial jail credit is not a cognizable ground for relief in a state habeas corpus petition or a motion to correct an illegal sentence, but may be pursued under Rule 36). "Where a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36," despite the passage of time or even the expiration of the sentence. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015).

It thus appears that, in order to properly exhaust his state court remedies concerning the award of pretrial jail credits, Petitioner must file a motion under Tennessee Rule of Criminal Procedure 36 in the Davidson County Criminal Court and, if unsuccessful there, an appeal to the Tennessee Court of Criminal Appeals. *See Murphy v. Dep't of Corr.*, No. 3:19-cv-00487, 2019 WL 4167343, at *1–2 (M.D. Tenn. Sept. 3, 2019). Until he does so, this claim remains unexhausted and is therefore not ordinarily subject to federal habeas review. *Cooksey v. Leibach*, No. 3:14-cv-01105, 2014 WL 5589898, at *3 (M.D. Tenn. Nov. 3, 2014) ("[I]f a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim.").

To the extent that Petitioner claims a right to habeas relief from TDOC's calculation of his sentence expiration date and release eligibility date due to the wrongful denial of post-judgment sentence reduction credits, he has properly exhausted this claim by pursuing declaratory relief under the UAPA in the Tennessee chancery and appellate courts. *See Murphy*, 2019 WL 4167343, at *2 (citing cases requiring exhaustion of sentence calculation claim through Tennessee's UAPA).

He has also exhausted his claim concerning the unconstitutionality of Tenn. Code Ann. § 39-13-523, albeit through procedural default, since the Tennessee Court of Appeals rejected that claim as "nothing more than a challenge to his criminal sentence" unsuitable to resolution in "declaratory proceedings under Tenn. Code Ann. § 4-5-225." *Rayner*, 2017 WL 2984269, at *3; *see Walker v. Martin*, 562 U.S. 307, 315 (2011) ("a claim rejected by a state court . . . on a state law ground that is independent of the federal question and adequate to support the judgment" has been procedurally defaulted).

Petitioner's presentation of both exhausted and unexhausted sentencing claims would ordinarily require the Court to either dismiss the petition without prejudice or stay and abey federal habeas proceedings, so that Petitioner could first pursue his available state court remedies. *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). However, such procedures are not appropriate when the petitioner's unexhausted claims are plainly meritless. *Id.* at 277; 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Here, Petitioner's claims only nominally invoke federal constitutional protections; in substance, they raise issues of state sentencing law that are not cognizable in federal habeas. While Petitioner cites Supreme Court and Sixth Circuit decisions for the proposition that the "district court may grant relief to [a] habeas corpus petitioner who alleges erroneous computation of petitioner's sentence credit for time in detention prior to sentencing" (Doc. No. 2 at 3–4 (citing, *e.g.*, *Barber v. Thomas*, 130 S. Ct. 2499 (2010) and *McClain v. Bureau of Prisons*, 9 F.3d 503 (6th Cir. 1993)), these cases involve petitioners serving federal, not state sentences. The petition otherwise references federal law only by broadly invoking federal due process and/or equal protection guarantees under the Fourteenth Amendment, or the cruel and unusual punishment

9

clause of the Eighth Amendment, at the outset of its statement of grounds for relief. (Doc. No. 2 at 4, 7.) However, Petitioner's claims in substance clearly challenge the state court's application of state sentencing laws (Tenn. Code Ann. §§ 39-13-523, 40-23-101, 40-35-501, and 41-21-236), including by reference to their intersection with state laws concerning separation of powers (Tenn. Code Ann. §§ 41-1-504 and -505) and provisions of the Tennessee Constitution (Article II, Sections 1 and 2, and Article III, Section 6). (*Id.* at 4–8.)

Despite nominal references to federal constitutional protections, a federal habeas petition that challenges sentencing determinations under state sentencing laws or guidelines "is a matter of state concern only and not a cognizable basis for federal review." *Hines v. Holloway*, No. 1:15-CV-13-HSM-CHS, 2018 WL 1513664, at *13 (E.D. Tenn. Mar. 27, 2018) (citing *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003)). Violations of state law and procedure, which do not infringe specific federal constitutional protections, are not cognizable claims in federal habeas; "[a] prisoner has no right under the federal constitution to earn or receive sentencing credits." *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008) (citing, *e.g.*, *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)).

Thus, to be entitled to federal habeas corpus relief under 28 U.S.C. § 2241, Petitioner must claim a substantial federal constitutional deprivation resulting from the calculation of his state prison sentence. *Clark v. Geraghty*, No. CV TDC-15-2625, 2018 WL 1963794, at *2 (D. Md. Apr. 25, 2018) (citing 28 U.S.C. § 2241(c)(3)). "Disputes over the legality of a state sentence, which are calculated pursuant to state laws and procedures, present a federal question only if they involve a 'fundamental defect which inherently results in a complete miscarriage of justice' or 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" *Id.* (quoting *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978); *Hill v. United States*, 368 U.S.

424, 428 (1962)). Sentence-calculation claims "rarely rise to this level as they usually involve disagreements over the interpretation of state statutes," *id.*, as in the case before this Court. Such disagreements are not suited to federal habeas review, and petitions raising them must be dismissed. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).

Here, Petitioner simply does not present a viable claim that the determinations of the state courts or TDOC resulted in his "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This action will therefore be dismissed. Petitioner remains free to pursue any remedy he may have related to pretrial jail credits under Rule 36 of the Tennessee Rules of Criminal Procedure.

## IV. CONCLUSION

In light of the foregoing, the habeas corpus petition will be denied and this matter will be dismissed with prejudice.

When the district court denies a habeas petition, the petitioner may obtain a certificate of appealability (COA) by showing "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the movant has not made a substantial showing of the denial of a constitutional right, nor could reasonable jurists find it debatable that the court is correct in its substantive or procedural rulings under the circumstances presented here, *see id.*, a COA will not issue.

An appropriate Order is filed herewith.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE